Gaston, Judge.
 

 The plaintiff claims in this case to have an equitable lien for the unpaid part of the price of the land sold by him to Simms, and afterwards purchased by Sneed and Ridley. Waiving, for the reasons stated in
 
 *335
 
 the case of
 
 Johnson
 
 v.
 
 Cawthorn, (ante,
 
 page 32,) the inquiry whether such a lien exists in our state, and if so, to what extent; it unquestionably does not exist against a
 
 bona fide
 
 purchaser from the vendee, without notice that the purchase money on the original sale remains unpaid. The plaintiff shows in his bill that Sneed and Ridley are purchasers, but avers that they bought with this notice. On the part of the representatives of Ridley, this allegation is as explicitly denied as it can be by those who have no personal knowledge of the transaction. On the part of Sneed, it is not expressly denied, but it certainly is not admitted. He declares in his answer that he has no recollection whatever of such notice, and therefore does not admit it; but as it is possible that the fact may have occurred, and deeming it an unimportant circumstance, he may have forgotten it; that he cannot
 
 positively
 
 deny it. We take the rule to be, that when a purchaser
 
 seeks
 
 relief from a court of equity, because he has purchased without notice, he must positively deny notice. So when he sets up by plea or answer a purchase without notice as a bar to discovery or relief to which a plaintiff is entitled, he must be equally explicit in. denying notice. The want of notice is an essential part of his equity in the one case, and of his defence in the other; and it is a general rule in pleading, that whatever is essential to the right of the party must be averred by him. But where a plaintiff would convert a purchaser into a trustee, and seeks to
 
 charge
 
 him, because he bought with notice, and therefore
 
 mala fide,
 
 if the allegation of notice is not admitted, the plaintiff is bound to prove it. Should the answer be silent, or not sufficiently explicit in this respect, the plaintiff may except to the answer, and require one more full and perfect. But if he does not except, and cannot prove the notice, he must fail because a material part of his equity is not established.
 
 Eyre
 
 v.
 
 Dolphin,
 
 2 Ball & Beat. 303.
 
 Harris
 
 v.
 
 Ingledew,
 
 3 P. Wms. 91.
 
 Jerrard
 
 v.
 
 Saunders,
 
 2 Ves. Jun. 454.
 
 Walleryn
 
 v. Lee, 9 Ves. Jun. 32. As the plaintiff has not replied to these answers, the Court cannot declare that Sneed and Ridley bought with notice. The bill, therefore; must be dismissed
 
 *336
 
 as to Sneed and the representatives of Ridley, with costs, Kyle is brought in merely as a stakeholder, and as the bill not susta'ned against his vendors, it must be dismissed as to him also. Against Simms, the plaintiff has a judgment at law, and neither asks nor needs any aid in equity. The bill must be dismissed also as to Simms. As to the two latter, however, it is dismissed without costs.
 

 PeR CuRiam. Bill dismissed.